IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS RAY WATSON, | § | |
| TDCJ #579909, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0708 |
| | § | |
| NATHANIEL QUARTERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

State inmate Thomas Ray Watson (TDCJ #579909, former TDC #435339) brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Watson proceeds *pro se* and *in forma pauperis*. Watson has submitted a memorandum in support of his complaint. (Doc. # 4). At the Court's request, Watson has also provided a more definite statement of his claims. (Doc. # 15). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.   BACKGROUND**

Watson reports that he was admitted to the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") most recently on March 19, 1991, following a conviction for aggravated robbery. Watson sues TDCJ Director Nathaniel Quarterman, Ellis Unit Warden Alfred Janicek, Sergeant Anthony Butler, and Correctional Officer Michael Shepherd. Watson's claims stem from a use of force that allegedly occurred on or about October 10, 2007, at the Ellis Unit in Huntsville, Texas, where Watson is presently assigned.

Watson claims that, on October 10, 2007, Officer Shepherd punched him in the face three times during an altercation that occurred while Officer Shepherd was escorting Watson to the shower.  Watson, who was handcuffed at the time, reportedly required four stitches to his upper left lip and his right eye was swollen shut.  Watson was treated at the clinic with Ibuprofen and ice packs.  Wagner states that, since the use of force, he suffers "blurred vision" in his right eye, which "waters at times."  Wagner complains that the force used was excessive and he blames Warden Janicek and Sergeant Butler for failure to adequately supervise Officer Shepherd.

In addition to his claim that Officer Shepherd used excessive force, Watson complains that he was given a "false" disciplinary case as a result of the incident.  Watson provides the TDCJ Disciplinary Report and Hearing Record which shows that, on October 10, 2007, Watson was charged in case #20080042025 with violating prison rules by assaulting Officer Shepherd, which assault "resulted in injuries that required treatment up to first aid."  (Doc. # 15, Exhibit).  Watson was found guilty as charged following a disciplinary hearing on October 18, 2007.  As a result, the disciplinary hearing officer forfeited 150 days of Watson's previously earned credit for good behavior (*i.e.*, good-time credit).  Watson also lost commissary privileges and was restricted to his cell for 30 days.  In addition, Watson was reduced in classification status from L2 to L3 and custody level from G5 to G4.

Watson filed a step 1 and step 2 grievance to challenge the disciplinary conviction, but his appeals were unsuccessful.  (Doc. # 1, Step 1 and Step 2 Grievance #2008026909). Watson reports further that the TDCJ Office of Inspector General ("OIG") conducted an

investigation into the use of force (#UF.13.0406.07.E1). Watson discloses, however, that OIG found no wrongdoing on Officer Shepherd's part in connection with the altercation.

Watson complains that Officer Shepherd used excessive force against him in violation of his Eighth Amendment rights and that he was convicted of disciplinary charges in violation of due process. Watson seeks compensatory and punitive damages in the amount of $1.4 million from all of the defendants and unspecified injunctive relief. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

Watson seeks damages for a use of force that resulted in a disciplinary conviction and a loss of good-time credits. To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Watson complains that Officer Shepherd used excessive force against him on October 10, 2007. As Watson discloses in his more definite statement, however, he was convicted of assaulting Officer Shepherd in connection with the October 10, 2007 incident in which the

5

complained of force was used. (Doc. # 15). Watson concedes that he lost previously earned good-time credits as a result of his assault conviction and that the conviction has not been overturned.

Watson's excessive-force claim would, if true, necessarily implicate the validity of his disciplinary conviction for assaulting Officer Shepherd. Because Watson's assault conviction has not been overturned, his civil rights claims against the defendants are barred by *Heck*. *See Edwards*, 520 U.S. at 647-48; *see also Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby*, 81 Fed. App'x 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox*, 81 Fed. App'x 476, 2003 WL 22734607 (5th Cir. 2003) (unpublished per curiam) (same).

To the extent that Watson seeks unspecified injunctive relief, these claims are likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998). Because Watson's claims are not cognizable under 42 U.S.C. § 1983, the complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that

claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

2. The plaintiff's motion for appointment of counsel (Doc. # 16) is **DENIED**.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on May 30th, 2008.

_____
Nancy F. Atlas
United States District Judge